UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

| | | |
|---|---|---|
| DELFON BLAIR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 2:17-CV-151-GFVT-HAI |
| v. | ) | |
| | ) | RECOMMENDED DISPOSITION |
| STATE OF KENTUCKY, | ) | |
| | ) | |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On August 30, 2017, pro se Petitioner Delfon Blair filed a Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus and a Petition for a Writ Hearing.  D.E. 1-3.  After conducting an initial review of the Petition per Rule 4 of the Rules Governing Section 2254 Proceedings, the Court found that Petitioner had not complied with Rules 2(a), (c)(1), (2), (3), (5), and (d) of the Rules Governing Section 2254 Proceedings.  On September 5, 2017, the Court ordered the Clerk to serve Petitioner a copy of the standard form for requesting section 2254 relief and Petitioner to resubmit his corrected petition.  D.E. 5.  Petitioner resubmitted his petition using the form on September 13, 2017.  D.E. 12.  Petitioner also submitted a Motion of Jurisdiction, a Motion of Mediation Request, a Motion for Leave in Corpus Criminal, a Motion for Leave in a Civil Case on September 11, 2017.  D.E. 6, 7, 8, and 9.  Petitioner filed a Motion of Mediation, a Certified Question on September 13, 2017.  D.E. 11.

In his second Petition for Writ of Habeas Corpus, Petitioner indicates that he has entered a plea of not guilty to a charge of Assault in the Third Degree that is pending in Kentucky state court, has requested a jury trial, and that a jury trial is scheduled for October 11, 2017.  The Court has reviewed the online docket of the Kenton Circuit Court, which appears to support

Petitioner's indication that the jury trial is scheduled for October 11, 2017.  Case Number 17-CR-780, which identifies the Defendant as Delfon Blair, includes an Indictment docketed on August 3, 2017, an Arraignment and the entry of a plea of not guilty on August 9, 2017, a status hearing on August 15, 2017, and a jury trial scheduled for October 11, 2017.  Obviously, that case has not resulted in issuance of a judgment.  Additionally, Petitioner indicates in his second Petition that has not appealed his claims to any state court because he has not "had a ruling yet to go to a higher court."  D.E. 12 at 5.  Thus, Petitioner's case is still pending in state court.

Based upon the information on the Kenton Circuit Court's online docket and in Petitioner's second Petition, the Court recommends that the District Judge dismiss the Petition without prejudice because Petitioner has not exhausted his state court remedies.  Under section 2254(b),

> (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that- -
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>>
>> (B) (i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b).  By its terms, 28 U.S.C. § 2254 requires a judgment from a state court.  In addition, the United States Supreme Court has required one full round of review in state appellate courts. "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan v. Boerckel,* 526 U.S. 838, 843 (1999).  This exhaustion

2

requirement includes appealing to the highest court of the state. "The exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Wilson v. Mitchell*, 498 F.3d 491, 498-99 (6th Cir. 2007) (citing *Lott v. Coyle*, 261 F.3d 594, 601 (6th Cir. 2001)) (internal quotation marks omitted). Because Petitioner's case is still pending in state court and no judgment has issued, Petitioner does not have a right to review under section 2254.

Accordingly, the undersigned **RECOMMENDS** that the Petition (D.E. 12) be **DISMISSED WITHOUT PREJUDICE** for failure to comply with 28 U.S.C. § 2254(b). Obviously, Blair's ancillary motions should be denied as moot if this recommendation is adopted.

In certain circumstances, prior notice of dismissal is required. *Shelton v. United States*, 800 F.3d 292, 294 (6th Cir. 2015); *see also Acosta v. Artuz*, 221 F.3d 117, 124 (2d Cir. 2000) (explaining that when the court's *sua sponte* dismissal is based on procedural grounds, "the district court must provide notice and an opportunity to be heard prior to dismissal," but when "the dismissal is based on the merits . . ., no prior notice is required"). *Shelton* recognizes that a petitioner's opportunity to object to a Magistrate Judge's Recommended Disposition satisfies the notice requirement. *Shelton*, 800 F.3d at 295. Thus, any objection to, or argument against, dismissal must be asserted properly and in response to this Recommended Disposition.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2254 Proceedings, Rule 8(b). Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court. Failure to make

3

a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 19th day of September, 2017.

**Signed By:**

**_Hanly A. Ingram_**

**United States Magistrate Judge**