UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

DELFON BLAIR,                    )
                                 )
        Petitioner,              )            2:17-cv-00151-GFVT-HAI
                                 )
V.                               )
                                 )            **MEMORANDUM OPINION**
STATE OF KENTUCKY,               )                     **&**
                                 )                  **ORDER**
        Respondent.              )
                                 )

                    ***   ***   ***   ***

        This matter is before the Court on Petitioner Delfon Blair's *pro se* petitions for habeas

corpus relief pursuant to 28 U.S.C. § 2254.  [R. 1; R. 12.]  Consistent with local practice, this

matter was referred to Magistrate Judge Hanly A. Ingram, who filed a Report and

Recommendation recommending that Mr. Blair's petition be denied without prejudice.  [R. 13.]

        Under Federal Rule of Civil Procedure 72(b)(2), a petitioner has fourteen days after

service to register any objections to a Report and Recommendation, or else waive his rights to

appeal.  In order to receive *de novo* review by this Court, any objection to the recommended

disposition must be specific.  *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).  A specific

objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s]

problematic."  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007).  A general objection that

fails to identify specific factual or legal issues from the Recommendation, however, is not

permitted, since it duplicates the Magistrate Judge's efforts and wastes judicial economy.

*Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Mr. Blair filed timely objections to Judge Ingram's Report and Recommendation. [R. 16.] Although his objections are not sufficiently specific under the above criteria, the Court acknowledges its duty to review his filings under a more lenient standard than the one applied to attorneys because he is proceeding *pro se*. *See Franklin v. Rose*, 765 F.2d 82, 84–85 (6th Cir. 1985). Thus, the Court is obligated to conduct a *de novo* review. *See* U.S.C. § 636(b)(1)(c). The Court has satisfied that duty, reviewing the entire record, including the pleadings, the parties' arguments, relevant case law and statutory authority, as well as applicable procedural rules. For the following reasons, Mr. Blair's objections to Judge Ingram's Recommendation [R. 16] and his petitions for habeas corpus relief pursuant to 28 U.S.C. § 2254 [R. 1; R. 12] are **DENIED**.

## I

Mr. Blair filed an initial Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 on August 30, 3017. [R. 1.] However, after reviewing Mr. Blair's filings, the Court found he had not complied with the Rules Governing Section 2254 Proceedings, and ordered Mr. Blair resubmit a corrected petition. [R. 5.] On September 13, 2017, Mr. Blair filed a Second Petition for Writ of Habeas Corpus using the correct form. [R. 12.] He also filed various other motions: a Motion of Jurisdiction [R. 6], a Motion of Mediation Request [R. 7], a Motion for Leave in Corpus Criminal [R. 8], a Motion for Leave in a Civil Case [R. 9], a Motion of Mediation and of Certified Question [R. 11], a Motion to Affirm Release on a Reconsideration of Ruling [R. 17], Motion to Request to Move Jails [R. 18], a Motion for Reconsideration [R. 19] and two additional Motions of Mediation [R. 20; R. 24].

**II**

In his petition, Mr. Blair claims that the Kentucky courts violated his Fourteenth Amendment rights for various procedural reasons. [R. 12 at 5.] However, Mr. Blair filed his petition on September 14, 2017, and he indicated that the trial was not set until October 11, 2017. *Id*. at 1. Additionally, Mr. Blair admitted he had not yet appealed from a judgment of conviction, presumably because no judgment had been entered at the time. *Id*. at 2. Therefore, as Judge Ingram noted, when Mr. Blair filed his petition in this Court, his case was still pending in state court. [R. 13 at 2.]

A petition for a writ of habeas corpus under 28 U.S.C. § 2254 cannot be granted until "the applicant has exhausted the remedies available in the courts of the State" or if such process in state court is unavailable or "ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b). To grant a petition under this section, the state court must have entered a judgment, a requirement not met in Mr. Blair's present case.

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838, 843 (1999). This requires petitioners to appeal to the highest court of the state prior to petitioning for relief at this Court. *Wilson v. Mitchell*, 498 F.3d 491, 498–99 (6th Cir. 2007). In neither Mr. Blair's petitions nor his objections to the Report and Recommendation has Mr. Blair established exhaustion at the state court level. Therefore, Mr. Blair does not have a right to seek review under 28 U.S.C. § 2254.

### III

This Court does not resolve Mr. Blair's petition for habeas corpus on the merits because it cannot resolve such a petition until Mr. Blair's case has proceeded through the Kentucky appellate courts. Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1.      Petitioner Delfon Blair's Objections to the Magistrate's Report and Recommendation [**R. 16**] are **OVERRULED**;

2.      The Magistrate's Report and Recommendation [**R. 13**] as to Petitioner Delfon Blair is **ADOPTED** as and for the opinion of the Court;

3.      Mr. Blair's § 2254 petition is **DENIED WITHOUT PREJUDICE**;

4.      All other pending motions in this matter are **DENIED AS MOOT**; and

5.      **JUDGMENT** will be entered contemporaneously herewith.

This the 2d day of July, 2018.

Gregory F. Van Tatenhove
United States District Judge

4